UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:08-cv-48 ) |
| YD, a minor, b/n/f Vicky Drew, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to withdraw appearance as attorney of record for the Defendants filed by Attorney Troy K. Rivera and Nunn Law Office. (Docket # 29.) For the following reasons, Attorney Rivera's request will be DENIED.

"It is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-00550-JDT-TAB, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Indiana Rule of Professional Conduct 1.16 sets forth various bases upon which an attorney of record may withdraw his representation of a party.

Here, Attorney Rivera does not explain why he wants to withdraw his appearance in this case. That is, he does not point to *any* of the six specific reasons for withdrawal set forth in Rule 1.16 or assert that some other "good cause for withdrawal exists." *See* Ind. Rules of Prof. Conduct 1.16(b).

And furthermore, on February 23, 2009, Attorney Rivera sought a last-minute extension of time on behalf of the Defendants within which to file their response to the Plaintiff's motion

for summary judgment on the basis that "additional discovery may be needed". (Docket # 26.) Based on that representation, the Court granted the relief sought. (Docket # 27.) We now know, however, that at the same time Attorney Rivera was sending a letter to the Defendants "stopping all work on the case" and purporting to terminate his representation. (Mot. to Withdraw Appearance, Attach.) This lack of candor, or effort to mislead the Court, is, to say the least, disturbing. *See generally Schmude v. Sheahan*, 420 F.3d 645, 651 (7th Cir. 2005) ("Lawyers owe courts a duty of candor.").

In any event, if the Defendants represented by Attorney Rivera have no defense to the motion for summary judgment, Attorney Rivera can fulfill his duty of candor to the Court by saying so. If, on the other hand, the Defendants do have a defense, they are entitled to have their lawyer advance it.

Considering all of the foregoing, and that a motion for summary judgment is pending in this matter, the motion to withdraw appearance as attorney of record for the Defendants filed by Attorney Rivera and Nunn Law Office (Docket # 29) is DENIED.

SO ORDERED.

Entered this 18th day of March, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge