**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CAUSE NUMBER: 1:08-CV-48-TS ) |
| YOSHIDA DREW, MONIQUE WILLIAMS, and MIGUEL ZAVALA, JR., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 43], filed on August 4, 2009, by the Plaintiff, American Standard Insurance Company of Wisconsin (American Standard). As of the date of this Opinion and Order, the Defendants have not responded to or otherwise opposed the Plaintiff's Motion.

**PROCEDURAL BACKGROUND**

On or about December 21, 2007, Yoshida Drew and Monique Williams (who were both minors at the time and thus b/n/f Vicky Drew and Sylvester Williams) instituted a personal injury suit in the Allen Circuit Court under Cause No. 02C01-0712-CT-38 against Miguel Zavala, Jr. In the state court action, Yoshida Drew and Monique Williams seek to recover for injuries and damages they allegedly suffered in a collision on or about June 25, 2007, between an automobile driven by Miguel Zavala, Jr., and the moped on which they were riding.

On February 8, 2008, American Standard filed a Complaint for Declaratory Relief [DE 1] in this Court. In this declaratory judgment action, American Standard seeks a declaration that the

family car policy it issued to Manuel M. Garcia insuring a 1995 Dodge Intrepid automobile does not cover the June 25, 2007, accident involving Yoshida Drew, Monique Williams, and Miguel Zavala, and that American Standard has no duty to defend Defendant Zavala for any claims or actions arising out of the June 25, 2007, accident.

In this federal action, the Docket reflects that Defendant Zavala was served the Summons and the Complaint by way of certified mail (with a return receipt). On March 6, 2008, an attorney entered an appearance on behalf of Defendants Drew and Williams, and they filed their Answer [DE 5]. On March 7, Defendants Drew and Williams filed an Amended Answer [DE 10] in which they admitted an interest in the declaration sought in this action. They also denied American Standard's allegations that the policy did not cover the accident, that it has no duty to defend, to pay or satisfy any judgment rendered against Defendant Zavala, or to compromise or settle any claim made against Defendant Zavala, and that Defendant Zavala was not an insured. Because Defendant Zavala had not filed an answer or otherwise defended in this action, on July 15, 2008, American Standard applied for an entry of default, and on July 17, the Clerk entered a Default [DE 13] against Defendant Zavala. On July 29, American Standard filed a Motion for Entry of Judgment by Default [DE 14], seeking entry of a default judgment as to Defendant Zavala. The Court withheld ruling on American Standard's Motion for Entry of Judgment by Default [DE 14] and permitted American Standard and Defendants Drew and Williams to conduct discovery and to file a summary judgment motion, if appropriate.

On January 27, 2009, American Standard filed a Motion for Summary Judgment [DE 22], Brief in Support [DE 23], and Appendix [DE 24], along with evidentiary materials. On March 3, the Court denied American Standard's Motion for Entry of Judgment by Default [DE 14]

2

without prejudice, noting that the Motion would be reinstated after the Court ruled on American Standard's Motion for Summary Judgment, if warranted by the circumstances.

On March 17, counsel for Defendants Drew and Williams filed a Motion to Withdraw Appearance [DE 29], to which he attached a February 24, 2009, letter from counsel to his clients (Defendants Drew and Williams), but this Motion was denied. On March 25, counsel for Defendants Drew and Williams filed an Amended Motion to Withdraw Appearance [DE 31]. In this Amended Motion, counsel represented to the Court that he had sent letters to his clients by certified and regular mail notifying them of his intent to withdraw. He also represented to the Court that he and his law firm had reached a fundamental disagreement as to the appropriate strategy to handle this case, that this disagreement related to their response to the pending Motion for Summary Judgment, and that counsel was unable to provide a good faith response to that Motion.

On April 7, Magistrate Judge Cosbey conducted a motion hearing, at which counsel for the Plaintiff appeared. Counsel for Defendants Drew and Williams appeared, as did Yoshida Drew, Vicky Drew, Monique Williams, and Sylvester Williams in person. The Court granted the Amended Motion to Withdraw Appearance [DE 31]. The Court gave the Defendants up to and including May 7 to secure successor counsel and up to and including May 20 to respond to the pending Motion for Summary Judgment. Because Yoshida Drew and Monique Williams had reached eighteen years of age, the Court individually added them as parties. The Court also directed Plaintiff's counsel to issue a Notice to Pro Se Litigant, pursuant to Appendix C of the

Local Rules.[1] Accordingly, on April 8, Appendix C Notices [DE 34, 35, 36, & 37] regarding the pending Motion for Summary Judgment and reflecting the May 20, 2009, response deadline were issued to Yoshida Drew, Monique Williams, Vicky Drew, and Sylvester Williams and served on the Defendants. On April 9, counsel for Defendants Drew and Williams filed a Notice [DE 38] indicating that he mailed a copy of the pending Motion for Summary Judgment, Brief in Support, and evidentiary materials to Yoshida Drew on April 7, but it was unclear from the Court's docket whether he sent the same to Monique Williams.

Because the Plaintiff's Complaint for Declaratory Judgment failed to adequately allege facts or a basis for the Court's subject-matter jurisdiction over this case, the Court on June 11 ordered the Plaintiff to file and serve an amended pleading. On June 16, the Plaintiff filed an Amended Complaint for Declaratory Judgment [DE 40]. The Amended Complaint alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon the Plaintiff's citizenship in the State of Wisconsin and the Defendants' citizenship in the State of Indiana. American Standard is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. Defendants Yoshida Drew, Monique Williams, and Miguel Zavala, Jr. are domiciled in the State of Indiana. Based upon the allegations in the Amended Complaint, the amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs. As of the date of this Opinion and Order, the Defendants have not filed an answer or otherwise responded, and no successor counsel has filed an appearance on behalf of any of the Defendants.

---

[1] This notice is required by Local Rule 56.1(e) of the United States District Court for the Northern District of Indiana. *See also Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992); *Timms v. Frank*, 953 F.2d 281, 285–86 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

On August 4, American Standard filed a Motion for Summary Judgment [DE 43], a Brief in Support [DE 44], and an Appendix [DE 45], which includes evidentiary materials. Also on August 4, Appendix C Notices [DE 47, 48, & 49] regarding the pending Motion for Summary Judgment and reflecting a September 8, 2009, response deadline were issued to Monique Williams, Miguel Zavala, Jr., and Yoshida Drew. The Certificate of Service portions of each of these Notices include a scrivener's error referencing the date of April 8, 2009, instead of August 4, 2009. On September 10, the Court ordered the Clerk of this Court to resend Appendix C Notices, and those Notices [DE 51, 52, and 53], which set a response deadline of October 12, 2009, were issued and sent on September 11 to Defendants Drew, Williams, and Zavala at their addresses on record with the Court. Proof of service on Defendant Drew has been entered on the Court's docket [DE 54], but the mailing sent to Defendant Zavala was returned as undeliverable [DE 55]. Neither Defendant Williams nor Defendant Zavala has apprised the Court of any new mailing address. As of the date of this Opinion and Order, none of the Defendants has responded to American Standard's Motion for Summary Judgment or requested additional time to respond.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609.

**FACTS**

American Standard issued a family car policy, policy ******, to Manuel M. Garcia covering a 1995 Dodge Intrepid automobile. This policy, which was in effect on June 25, 2007, provides (subject to its terms, conditions, declarations, exclusions, and definitions) coverage for bodily injury and property damage for which an insured person is legally liable due to the use of a car. The policy defines insured person or insured persons as the named insured or a relative and

any person using the insured's car, but it excludes coverage for bodily injury and property damage to any person, other than a relative, using the insured car without the named insured's permission.

Miguel Zavala, Jr. is not listed as an insured on the policy, and he is not a relative of Manuel Garcia. Additionally, Miguel Zavala, Jr. did not have the permission of Manuel Garcia to drive the insured 1995 Dodge Intrepid automobile on June 25, 2007, when the underlying automobile accident occurred.

## ANALYSIS

Plaintiff American Standard argues that summary judgment is appropriate in this case because no material facts are in dispute and because it is entitled to judgment as a matter of law. More specifically, it argues that its policy does not cover any of the claims asserted by Defendants Drew and Williams arising out of the June 25, 2007, accident, that Defendant Zavala is not an insured under the American Standard policy, and that there is no duty to defend him because there is no coverage. The Defendants have not responded or otherwise opposed the Plaintiff's Motion for Summary Judgment.

As a federal court siting in diversity, the Court applies state law to resolve substantive questions. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Thus, this Court will apply the substantive law of Indiana in addressing the pending summary judgment motion.

Generally, the interpretation or construction of a written contract such as an insurance policy is a question of law for which summary judgment is appropriate. *Cinergy Corp. v. Associated Elec. & Gas Ins. Servs.*, 865 N.E.2d 571, 574 (Ind. 2007); *see also Fed. Ins. Co. v.*

*Stroh Brewing Co.*, 127 F.3d 563 (7th Cir. 1997) (interpreting insurance policy and determining insurer's duty to defend as a matter of law). Under Indiana law, insurance policies are subject to the same rules of construction as other contracts. *See Mortorists Mut. Ins. Co. v. Wroblewski* , 898 N.E.2d 1272 (Ind. Ct. App. 2009); *see also Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 243 (Ind. 2000). Clear and unambiguous words in insurance contracts are given their plain and ordinary meaning, but ambiguous language is construed in favor of the insured. *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002); *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985); *see also Schenkel & Schultz, Inc. v. Homestead Ins. Co.*, 119 F.3d 548, 550 (7th Cir. 1997) (applying Indiana law and instructing that courts must enforce unambiguous insurance contracts according to their plain meaning, even if that limits the coverage available). An insurer's duty to defend is a contractual duty, and this duty is broader than its duty to indemnify. *Federal Ins.*, 127 F.3d at 566 (citing *Seymour Mfg. Co. v. Commercial Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996)); *Nat'l Fire & Cas. Co. v. West By & Through Norris*, 107 F.3d 531, 535 (7th Cir. 1997); *Hoosier Ins. Co. v. Audiology Foundation of Am.*, 745 N.E.2d 300, 306 (Ind. Ct. App. 2001). Although an insurance company can limit its duty to defend, *cf. Walton v. First Am. Title Ins. Co.*, 844 N.E.2d 143, 147 (Ind. Ct. App. 2006) (stating that if the pleadings reveal that a claim is excluded under the policy, then no defense is required), an insurer is generally obligated to defend its insured against suits alleging facts that might fall within the coverage of the policy, *Federal Ins.*, 127 F.3d at 566.

In this case, there is a controversy between American Standard and each of the Defendants with respect to the rights and obligations of American Standard to defend Defendant Zavala in any action arising out of the accident on June 25, 2007; the obligation of American

Standard to pay any judgment, in whole or in part, with respect to any action that may be maintained against Defendant Zavala arising out of the accident on June 25, 2007; the obligation of American Standard to negotiate or settle claims arising out of the accident on June 25, 2007; and the coverage of the policy as to claims that are, or may be, made arising from the accident on June 25, 2007. However, the Court finds that Defendant Zavala is not an insured under the policy because he is not listed as an insured on the policy and is not a relative of Manuel Garcia, and because he did not have the permission of Manuel Garcia to drive the insured 1995 Dodge Intrepid automobile on June 25, 2007. Therefore, the policy does not provide coverage for the claims made by Defendants Drew and Williams against Defendant Zavala arising out of the accident on June 25, 2007. Additionally, the Plaintiff is not obligated to defend Defendant Zavala against those claims, to pay or satisfy any judgment rendered in any action arising out of the June 25, 2007 accident, or to settle or compromise any claims arising out of the June 25, 2007, accident.

Because there are no genuine issues of material fact and the Plaintiff is entitled to judgment as a matter of law, the Court will grant the Plaintiff's Motion for Summary Judgment and order that judgment be entered on its Amended Complaint for Declaratory Relief in the Plaintiff's favor and against Defendants Yoshida Drew, Monique Williams, and Miguel Zavala, Jr.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion for Summary Judgment [DE 43]. The Court ORDERS the Clerk of this Court to enter judgment accordingly.

SO ORDERED on October 15, 2009.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN, JUDGE
                                      UNITED STATES DISTRICT COURT